IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 1:25-cr-066-05 |
| v. | **STIPULATED DISCOVERY ORDER AND PROTECTIVE ORDER** |
| VICKI LEE SHERVEN, | |
| Defendant. | |

IT IS HEREBY AGREED AND UNDERSTOOD by and between the

United States, and Defendant, VICKI LEE SHERVEN, by Defendant's undersigned

counsel, as follows:

1.      **Stipulated Discovery Practice.**  Stipulated discovery of the United States

Attorney's Office for the District of North Dakota, herein "the United States," provides

Defendant with broader and more prompt discovery than is required by rule.  In addition

to what is required under Fed. R. Crim. P. 16, Defendant will receive law enforcement

reports and evidence or existing summaries of evidence in the custody of the United

States that provide the basis for the case against Defendant.  However, Defendant will not

receive evaluative material of matters such as possible defenses, legal strategies, other

attorney work product, or evidence that the United States has decided to use solely for

impeachment of defense witnesses or rebuttal evidence.

2.      **Exculpatory Information.**  Stipulated discovery will also include

exculpatory information known to the United States within its possession, custody, or

control. Should Defendant become aware of any exculpatory information not disclosed,

Defendant's counsel will notify the United States of such information so the United States may seek, obtain, and disclose it.

3.    **Witness Statements**.  The United States will disclose a trial witness's statement required under Fed. R. Crim. P. 26.2 and 18 U.S.C. § 3500 no later than seven days before trial.  The United States will disclose a trial witness's statement obtained four or fewer days before trial, or during trial, no later than two days before the witness testifies.  The United States will disclose grand jury testimony of trial witnesses at least three days prior to trial, consistent with the Court's August 7, 2009, Standing Order.

4.    **Electronically Stored Information.**  Compilations of electronically stored information, including, but not limited to, cell phone contents, computer databases, social media accounts, and internet service provider accounts, obtained by warrant will be appropriately searched and divided into two sets: "identified data" (identified as within the scope of Attachment B) and "remaining data." Through stipulated discovery, Defendant will be provided with all identified data, to include any known exculpatory information, from devices and accounts searched in conjunction with this case. Remaining data from each device and account will be maintained by the searching agency and, in compliance with the Fourth Amendment, will only be provided upon request to the owner of the particular device or account.  Defendant may move the Court for an order requiring the United States to provide Defendant with the remaining data of a particular device or account not owned by Defendant. For purposes of North Dakota Rule of Professional Conduct 3.8(d), this stipulated discovery order serves as a protective order and relieves the United States from any obligation to disclose the remaining data to

2

the non-owner of a device or account absent the signed consent of the owner of the device or account or subsequent court order.

5. **Tax Information.** The United States is authorized to disclose Defendant's tax information contained in the case file to co-Defendants for use consistent with this Order.

6. **Personally Identifiable Information.** The United States may disclose unredacted personally identifiable information ("PII") as set forth in Fed. R. Crim. P. 49.1. Defendant's counsel shall take all reasonable steps necessary to ensure neither material containing PII nor the PII itself is disseminated or revealed to anyone other than Defendant's counsel's staff, employees, agents, or experts retained in preparation for litigation.  In addition, Defendant's counsel or Defendant's counsel's staff, employees, agents, or experts shall not leave material containing PII unattended in any place where it could be viewed, taken, or copied by an unauthorized person.  Defendant may have access to unredacted material containing PII only under the supervision of Defendant's counsel or counsel's staff.  In the alternative, Defendant's counsel must provide Defendant the material with PII redacted.  The parties agree that absent a court order to the contrary, no material containing PII will be submitted to the Court, reproduced in any court filing, or presented in open court unless it is placed under seal or PII is redacted. Despite this Order, stipulated discovery may still be subject to provisions of the Privacy Act, 5 U.S.C. § 552a, or to the provisions of 42 U.S.C. § 1306.

7. **Withholding/Redaction.** The United States may redact or withhold information from stipulated discovery due to security concerns or to protect an ongoing

3

investigation.  This does not preclude Defendant from requesting *in camera* review of such material by the Court to determine whether it should be disclosed in accordance with Fed. R. Crim. P. 16.  When the United States withholds information from stipulated discovery, the United States will include in the discovery a notice of the withholding along with a general description of the type of material withheld.

8.　　**Disclosure and Transmission.**  The United States, in its discretion, will disclose stipulated discovery either through its approved file sharing system or through one or more electronic storage devices. Defendant's counsel may be required to provide electronic storage devices in some circumstances and will solely be responsible for printing and reproduction costs.

9.　　**General Use and Possession.**  Stipulated discovery provided by the United States and copies thereof may only be used in connection with the above-captioned federal criminal case against Defendant and **shall not** be used or disclosed in any other proceeding or in connection with any other matter.  Absent a court order to the contrary, stipulated discovery provided by the United States and copies thereof will remain in the sole custody of Defendant's counsel and **shall not** be disseminated to any third party other than Defendant as provided in Paragraph 11, Defendant's counsel's staff or employees, or any agent or expert retained by Defendant's counsel in preparation for litigation.  Other than for uses associated with representation of Defendant in this criminal case, Defendant's counsel, Defendant's counsel's staff, employees, agents, or retained experts **shall not** copy or reproduce stipulated discovery provided by the United States.  Defendant's counsel's agents or experts receiving or using information provided

4

in stipulated discovery are subject to all terms of this Order and will be advised of said terms by Defendant's counsel.  This paragraph does not prohibit the copying and dissemination of stipulated discovery among counsel for co-Defendants who are subject to this Order in this federal criminal case.  However, stipulated discovery provided by the United States **shall not** be copied for or disseminated to other co-Defendants or their counsel not subject to this Order, absent a court order obtained through motion with notice to the United States.

10.    **Defendant's Use and Possession.**  Defendant is entitled to review all stipulated discovery.  However, except for Defendant's own statements, Defendant's grand jury testimony, and items discoverable under Fed. R. Crim. P. 16, all other stipulated discovery provided by the United States **shall not be copied for or left with Defendant** absent a court order.  Therefore, other than Defendant's own statements and testimony, Defendant **shall not** possess, copy, or disseminate grand jury transcripts, Jencks Act statements, summary reports of witness interviews, or any audio or video recordings of the same.  The parties may modify this paragraph by written agreement on a case-by-case basis without leave of Court.

11.    **Clawback Provision**.  If Defendant should be provided discovery materials in violation of this Order, all stipulated discovery may be seized and removed from Defendant's possession, including commingled Fed. R. Crim. P. 16 materials. Notice of violation and a listing of discovery materials at issue will be provided to defense counsel in writing or by email.  Upon receipt of notice, Defendant's counsel agrees to retrieve any

outstanding materials from Defendant and return them to the United States within one week. The United States will then be released from its commitments under this Order.

12. **Withdrawal of Counsel.** If Defendant's counsel is allowed to withdraw from this case and substitute counsel is appointed or retained, the United States will seek another Stipulated Discovery Order and Protective Order with new counsel. When any attorney's representation of Defendant concludes, stipulated discovery made to Defendant by the United States and any copies thereof shall be destroyed or returned and shall not be distributed to any other individual.

13. **Reciprocal Discovery Obligation.** Under this Order, Defendant shall have a reciprocal discovery obligation, as required by Fed. R. Crim. P. 16(b) and 26.2. Further, Defendant agrees to disclose copies of all statements of those witnesses prepared by or on behalf of Defendant if Defendant intends to call said witnesses at trial, no later than seven days before trial. If Defendant obtains statements four or fewer days before trial, or during trial, the statements will be disclosed no later than two days before the witnesses testifies. This agreement does not include disclosure of materials that would infringe on the attorney-client relationship, reveal confidential attorney-client communications, or expose evaluative material such as possible defenses, legal strategies, or other attorney work product.

14. **Notice of Intent to Use Evidence.** By providing stipulated discovery under this Order, the United States generally satisfies its notice obligations pursuant to Fed. R. Crim. P. 12(b)(4).

15.    **Discovery Conference.**  This Order satisfies the Discovery Conference requirement of Fed. R. Crim. P. 16.1.  On a continuing basis, as needed, the parties will confer on issues relating to the anticipated volume of discovery as well as to the timing and procedures for its disclosure.

16.    **Good-Faith Efforts**.  The parties agree to undertake good-faith efforts to resolve disputes between themselves before asking the Court to determine or modify the time, place, manner, or other aspects of disclosure to facilitate preparation for trial.

17.    **Continuing Duty.**  This Order imposes on all parties a continuing duty to disclose pursuant to Fed. R. Crim P. 16(c).

18.    **Joint Request.**  The parties agree to jointly request the Court enter this Protective Order, as set forth above, pursuant to Fed. R. Crim. P. 16(d)(1).

**IT IS SO ORDERED.**

Dated:  ___April 4, 2025_____

_/s/ Clare R. Hochhalter_
_____
CLARE R. HOCHHALTER
United States Magistrate Judge

Dated: 4/3/2025_____

/s/ Magdalena R. Brockel_____
_____
MAGDALENA R. BROCKEL
Attorney for VICKI LEE SHERVEN

Dated:  __4-4-25_____

_____
RICK L. VOLK
Assistant United States Attorney

7